## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                          **CASE NO. 5:22-CR-00209-JKP**

**MARGARITO RODRIGUEZ, JR.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Margarito Rodriguez, Jr.'s Motion, pursuant to Federal Rule of Criminal Procedure 12, to dismiss Count Three of the Indictment, charging Defendant with violating 18 U.S.C. § 924(c). ECF No. 75. The Government filed its Response on July 29, 2025. ECF No. 77. Defendant argues the Court should dismiss Count Three because it is unconstitutional, both facially and as applied to him, under the Second Amendment standard articulated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Id*. For the reasons discussed herein, the Court **DENIES, IN PART,** Defendant's Motion.

## BACKGROUND

The government alleges Defendant, in February 2022, began communicating with a Drug Enforcement Administration ("DEA") undercover officer regarding a sale of methamphetamine. ECF No. 77 at 1. After several conversations, the undercover officer and Defendant agreed to meet so Defendant could count the money for the sale and the officer could purportedly test the quality of the methamphetamine. *Id*. Ahead of the meeting, DEA agents observed Defendant leave his hotel room and get in his vehicle. Thereafter, a Texas Department of Public Safety Trooper stopped Defendant for failure to maintain a single traffic lane. *Id*.

During the stop, the Trooper observed marijuana in the driver's side door and searched the vehicle. Defendant stated a gun was inside the vehicle in response to the Trooper's questions. *Id.* at 2. The Trooper also found a kilogram of methamphetamine inside of a black backpack behind the front passenger seat. *Id.* The Trooper also found a loaded handgun between the driver's seat and the center console. *Id.*

Subsequently, Agents obtained and executed a search warrant on Defendant's hotel room and discovered seven additional kilograms of methamphetamine. *Id.* Cleaning staff at the hotel later contacted DEA agents regarding a firearm they found under a pillow in Defendant's hotel room. *Id.*

The eight kilograms of methamphetamine were sent to the DEA laboratory for chemical analysis. *Id.* The DEA laboratory tested the methamphetamine and confirmed that 6,864 net grams of methamphetamine were retrieved with a 93% purity rate, resulting in 6,383 grams of pure methamphetamine. *Id.*

On May 4, 2022, the grand jury indicted Defendant of violating, (1) 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, (2) 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), possession with intent to distribute 500 grams or more of methamphetamine, and (3) 18 U.S.C § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense. ECF No. 3.

On July 16, 2025, the Court held a hearing to determine the status of the case. Defense counsel stated Defendant intended to plead guilty to Counts One and Two of the Indictment and proceed to a bench trial on Count Three. ECF No. 70. Defendant signed a waiver of right to jury trial for Count Three of the Indictment. ECF No. 71. The Court set Count Three for a bench trial on August 18, 2025. ECF No. 72.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record); *see also, United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

## ANALYSIS

### I. Defendant's Challenges to 18 U.S.C. § 924(c)

#### A. Facial Challenge

Defendant alleges 18 U.S.C § 924(c) ("§ 924(c)") is unconstitutional on its face and as applied to him. While the Fifth Circuit has not issued a post-*Bruen* opinion regarding the constitutionality of § 924(c), several district courts within the Fifth Circuit have issued post-*Bruen* opinions upholding the statute. Here, the Government alleges the conduct § 924(c) proscribes is not covered by the plain text of the Second Amendment and even if the conduct is covered the statute is constitutional because it is consistent with our nation's historical tradition of firearm regulation.

In *United States v. Reyes*, the district court examined the constitutionality of § 924(c). 677 F.Supp.3d 585 (2023). In *Reyes*, the defendant was charged with conspiracy to distribute and possess with the intent to distribute fentanyl and possession of a firearm in furtherance of drug trafficking. *Id*. at 588. Reyes filed a motion to quash the § 924(c) charge based on *Bruen*. *Id*. Reyes alleged he carried the firearm that was the subject of the § 924(c) for self-defense. *Id*.

The court, citing the Supreme Court's decision in *District of Columbia v. Heller*, recognized the "textual command of the Second Amendment does not protect the right of citizens to carry arms 'for *any sort* of confrontation.'" *Id*. at 591 (citing *Heller*, 554 U.S. 570, 595 (2008)). The Supreme Court explained, regarding the Second Amendment, they "understood the right to enable individuals to defend themselves" and that "permitting a citizen to 'repel force by force' when the 'intervention of society in his behalf, may be too late to prevent an injury.'" *Id*. (citing *Heller*, 554 U.S. at 594-595). The plain text of the Second Amendment protects the individual right of self-defense. *Id*.

Concerning § 924(c), the court stated

> Turning to the present case, to be convicted of violating 18 U.S.C. § 924(c), the Government must prove beyond a reasonable doubt that: (1) Defendant committed the predicate drug trafficking offense; and (2) Defendant, with the requisite *mens rea*, possessed the firearm "*in furtherance*" of the drug trafficking offense. 18 U.S.C. § 924(c)(1)(A). Following *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Congress amended 18 U.S.C. § 924(c) to include the "possession-in-furtherance" language. *See United States v. Ceballos-Torres*, 218 F.3d 409, 413 (5th Cir.), *amended on reh'g in part*, 226 F.3d 651 (5th Cir. 2000). The Fifth Circuit explained that Congress intended 18 U.S.C. § 924(c) to require more than the "mere presence" of the firearm—i.e., the "generality [that] anytime a drug dealer possess a gun, that possession is in furtherance, because drug dealers generally use guns to protect themselves and their drugs." *Id.* at 414. The Fifth Circuit ultimately adopted the definition of "furtherance" as "[t]he act of furthering, advancing, or helping forward." *Id.* at 412, 415.

*Id*. at 591-592.

4

The statute requires the government to present evidence which establishes that a defendant's possession of the firearm "actually furthered the drug trafficking offense." *Id*. at 592. This is because the Second Amendment right does not provide a right to go on the offensive. *Id*. Ultimately the *Reyes* Court determined the conduct proscribed under § 924(c) is not covered by the plain text of the Second Amendment. *Id*. This Court agrees with that conclusion. This Court also agrees with the *Reyes* Court that even if the conduct proscribed under § 924(c) is covered by the plain text of the Second Amendment, "the Nation's history and tradition articulates a historical analogue to 18 U.S.C. § 924(c)." *Id*.; *see Bruen*, 142 S.Ct. 2111 at 2143 ("[These statutes] merely codified the existing common-law offense of bearing arms to terrorize the people, as had the Statute of Northampton itself.").

Additionally, the Court reviewed and agrees with the district court's decision in *United States v. Young*. 2024 WL 534955 (W.D. La. Feb. 9, 2024). This Court understands that it is not bound by the decisions of other district courts, but the Court finds *Reyes* and *Young* persuasive and instructive on the question presented in Defendant's Motion and the Government's Response concerning the constitutionality of § 924(c). Defendant's facial challenge is therefore denied.

### B.    As Applied Challenge

Defendant also alleges § 924(c) is unconstitutional as applied to him. "It is axiomatic that a 'statute may be invalid as applied to one state of facts and yet valid as applied to another.'" *Reyes*, 677 F. Supp. 3d at 585 (citing *Ayotte v. Planned Parenthood of N. New England*, 126 S.Ct. 961, 967 (2006) (quoting *Dahnke-Walker Milling Co. v. Bondurant*, 42 S.Ct. 106 (1921))). Section 924(c) can be violated in one of two ways: "either (1) by using or carrying a firearm during and in relation to a drug-trafficking crime or crime of violence or (2) by possessing a firearm 232 in furtherance of such a crime." *See* Fifth Circuit Criminal Pattern Jury Instruction 2.44. (2024).

5

Pattern Jury Instruction 2.44A applies to the use or carrying offense, and 2.44B applies to the possession offense.[1]

Here, to convict Defendant of the § 924(c) offense, the government must prove at trial he committed the predicate offense of possession with intent to distribute methamphetamine, he knowingly possessed a firearm, and that possession was in furtherance of his commission of the predicate drug offense. These matters appear to be facts that must be established at trial to determine Defendant's conduct in relation to Defendant's alleged possession of the subject firearm. Once these facts have been established the Court can determine whether § 924(c) is unconstitutional as applied to Defendant under these circumstances. Therefore, the Court will defer ruling on Defendant's § 924(c) as applied challenge until after the government has rested its case at trial. Defendant can either raise a Federal Rule of Criminal Procedure 29 motion for judgment of acquittal (which, if granted would dispose of Count Three of the Indictment) and/or re-urge the as applied challenge for the Court's consideration.

## CONCLUSION

The Court finds § 924(c) is constitutional on its face and therefore denies Defendant's facial challenge to that statute. The Court defers ruling on Defendant's § 924(c) as applied challenge because the facts needed to determine the legal question must be established at trial.

It is so ORDERED.

---

[1] Fifth Circuit Pattern Jury Instruction 2.44B states "Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to knowingly possess a firearm in furtherance of a federal drug-trafficking crime [crime of violence]. For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt: First: That the defendant committed the crime alleged in Count _____. I instruct you that _____ is a federal drug-trafficking crime [crime of violence]; and Second: That the defendant knowingly possessed a firearm, and that possession was in furtherance of the defendant's commission of the crime charged in Count _____. [Second: That the defendant aided and abetted _____ (name associate) in committing the drug-trafficking crime [crime of violence] alleged in Count ____, and knew in advance that _____ (name associate) would be armed.]. To prove the defendant possessed a firearm "in furtherance" of the drug-trafficking crime [crime of violence], the government must prove that the defendant's possession of the firearm furthered, advanced, or helped forward that crime."

SIGNED this 4th day of August, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE